**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**AT LOUISVILLE**

DEANTWAN RAMONT WASHINGTON                                    PLAINTIFF

v.                                                 CIVIL ACTION NO. 3:25CV-688-JHM

DESHON RONDELL WASHINGTON *et al.*                          DEFENDANTS

<u>**MEMORANDUM OPINION**</u>

Plaintiff DeAntwan Ramont Washington filed the instant *pro se* action. A review of the complaint reveals that this Court lacks jurisdiction over the subject matter of the action, and the Court will dismiss this case.

**I.**

Plaintiff filed his complaint on the Court-approved complaint form for filing a civil case. He sues Deshon Washington, Rondell Washington, Tracy Washington, and A.D. Porter Funeral Home.

Where the complaint form asks for the basis of this Court's jurisdiction, Plaintiff checks the box for diversity of citizenship. Where the form asks to list the specific federal statutes or constitutional provisions at issue in this case, Plaintiff states, "My information is being forged on my deceased mothers life insurance policies." Where the form asks for the amount in controversy, Plaintiff states, "266,567" and "4 years pain suffering mental & physical multiple evictions losing property my mother left me all while being single parent girl dad." As his statement of claim, Plaintiff states, "Each defendant provided illegal documents and forged document to my mother has passed March 2020 to her life insurance policies."

Where the form requests the relief sought, Plaintiff states, "13,457.00 A.D. Porter No Headstone[;] 45,000 owed on property[;] 100,000 1st property[;] 20,000 4 yr punitive per defendant per year[;] 8,000 2nd property."

## II.

The Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519 (1972). The duty to be less stringent with *pro se* complaints, however, "does not require [the Court] to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted), and the Court is not required to create a claim for a *pro se* plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the "courts to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

Rule 12(h)(3) of the Federal Rules of Civil Procedure provides, "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." It is axiomatic that federal district courts are courts of limited jurisdiction, and their powers are enumerated in Article III of the Constitution. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Hudson v. Coleman*, 347 F.3d 138, 141 (6th Cir. 2003) ("[I]t is well established that federal courts are courts of limited jurisdiction, possessing only that power authorized by the Constitution and statute."). "Jurisdiction defines the contours of the authority of courts to hear and decide cases, and, in so doing, it dictates the scope of the judiciary's influence." *Douglas v. E.G. Baldwin & Assocs. Inc.*, 150 F.3d 604, 606 (6th Cir. 1998),

*overruled on other grounds by Cobb v. Contract Transp., Inc.*, 452 F.3d 543, 548-49 (6th Cir. 2006). The party that seeks to invoke a federal district court's jurisdiction bears the burden of establishing the court's authority to hear the case. *Kokkonen*, 511 U.S. at 377. Moreover, federal courts have an independent duty to determine whether they have jurisdiction and to "police the boundaries of their own jurisdiction." *Douglas*, 150 F.3d at 607 (quoting *Ebrahimi v. City of Huntsville Bd. of Educ.*, 114 F.3d 162, 165 (11th Cir. 1997)). "Congress has defined the province of federal judicial authority in two basic jurisdictional statutes"— diversity and federal question jurisdiction. *Id.* (citing 28 U.S.C. §§ 1331, 1332).

For a federal court to have diversity jurisdiction pursuant to 28 U.S.C. § 1332, there must be complete diversity—which means that each plaintiff must be a citizen of a different state than each defendant—and the amount in controversy must exceed $75,000. *Caterpillar, Inc. v. Lewis*, 519 U.S. 61, 68 (1996). In the present case, Plaintiff has failed to establish diversity of citizenship jurisdiction since he does not allege that he and Defendants are citizens of different states.

Moreover, Plaintiff has not met his burden of establishing federal-question jurisdiction under 28 U.S.C. § 1331. The "well-pleaded complaint" rule requires that "a federal question be presented on the face of the complaint." *Mich. S. R.R. Co. v. Branch & St. Joseph Cntys.*, 287 F.3d 568, 573 (6th Cir. 2002). The Court has carefully reviewed the complaint and finds that Plaintiff alleges no facts to support a federal cause of action against Defendants. Plaintiff cites no authority to support a federal claim for forgery, and the Court cannot discern one based on the allegations in the complaint. To the extent Plaintiff is seeking to file criminal charges against Defendants for forgery, the "[a]uthority to initiate a criminal complaint rests exclusively with state and federal prosecutors." *Sahagian v. Dickey*, 646 F. Supp. 1502, 1506 (W.D. Wis.

1986); *United States v. Nixon*, 418 U.S. 683, 693 (1974) ("[T]he Executive Branch has exclusive authority and absolute discretion to decide whether to prosecute a case."); *Williams v. Luttrell*, 99 F. App'x 705, 707 (6th Cir. 2004) ("[A]s a private citizen, Williams has no authority to initiate a federal criminal prosecution of the defendants for their alleged unlawful acts."). Therefore, Plaintiff has failed to establish subject-matter jurisdiction based on his allegations of forgery.

Moreover, the Court broadly construes the complaint as alleging that Defendants defrauded him out of money from his mother's estate. However, fraud is a state-law claim and not claim under federal law. *See, e.g.*, *Booker v. Quick*, No. 3:24-cv-316-RGJ, 2025 U.S. Dist. LEXIS 81011, at *4 (W.D. Ky. Apr. 29, 2025) (finding that fraud and breach of contract are state-law claims).

For these reasons, the Court will dismiss this action for lack of subject-matter jurisdiction by separate Order.

Date:    March 19, 2026

*Joseph H. McKinley*

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc:    Plaintiff, *pro se*
4414.010